```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
DOMENIC APOSTOLICO, JR.             )
                                    )
        Plaintiff,                  )
                                    )
                                    )
    v.                              )    C.A. No. 18-264 WES
                                    )
NORWICH COMMERCIAL GROUP d/b/a      )
NORCOM MORTGAGE and                 )
PHILLIP DeFRONZO,                   )
                                    )
        Defendants.                 )
_____ )
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is Defendant Phillip DeFronzo's Motion to Dismiss and/or For a More Definite Statement with Respect to the First Amended Complaint ("Mot. to Dismiss"), ECF No. 33.[1] For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART. Also before the Court is Plaintiff Domenic Apostolico's Motion to Amend the Complaint ("Mot. to Amend"), ECF No. 52. For the reasons set forth below, that motion is GRANTED.

---

[1] Initially, both Defendants were party to this motion. See Mot. to Dismiss 1. However, Norwich Commercial Group subsequently withdrew, so that the motion is now pressed by DeFronzo alone. See Def. Norcom's Mot. to Withdraw Its Mot. to Dismiss and/or For a More Definite Statement as to Norcom Only, ECF No. 39.

I. BACKGROUND

Defendant Norwich Commercial Group ("Norcom") is a Connecticut corporation with its principal place of business in the same state. First Am. Compl. ("Am. Compl.") ¶ 3, ECF No. 22. Norcom is "licensed to originate residential mortgages" in Rhode Island, among other states. Id. ¶ 5. DeFronzo is president of Norcom, a position he occupied throughout the period pertinent to this case. Id. ¶ 4. His state of citizenship is uncertain.

According to the Amended Complaint, in March 2017, Norcom hired Apostolico to manage its branch in Cranston, Rhode Island. Id. ¶ 6. In January 2018, the entire Cranston branch — including Apostolico — left Norcom and joined another mortgage lender. Id. ¶¶ 17-18. In the wake of the separation, Apostolico demanded payment of outstanding wages and other monies owed; Norcom refused, citing standard reconciliation processes. See id. ¶¶ 19-30.

Apostolico eventually sued Norcom for nonpayment of wages. See Compl., ECF No. 2. He then amended his pleading, joining DeFronzo as a defendant and adding claims for breach of contract (Count V), defamation (VI), false light (Count VII), fraud (VIII), and tortious interference with contract (Count IX). See Am. Compl. ¶¶ 4, 61-95.

DeFronzo now moves to dismiss for lack of personal jurisdiction and/or for a more definite statement as to Counts VII

2

and VIII.[2]  See Mot. to Dismiss 1-2.  Additionally, Apostolico asks leave to again amend his Complaint, adding a claim for retaliation. See Mot. to Amend 1-2.

II. DISCUSSION

    A.  Personal Jurisdiction

DeFronzo contends that there is no basis for personal jurisdiction because the Amended Complaint alleges neither that he lives in Rhode Island nor that he has any relevant activities in Rhode Island.  See Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss and/or For a More Definite Statement ("Defs.' Mem.") 4, ECF No. 33-1.  He also maintains that personal jurisdiction stands or falls on the strength of Apostolico's Amended Complaint.  See Def. DeFronzo's Reply to Pl.'s Obj. to DeFronzo's Mot. to Dismiss and/or for a More Definite Statement ("Def. Reply") 2-3, ECF No. 41.  In response, Apostolico argues that the Court has jurisdiction because DeFronzo employed Apostolico in, and directed injurious activities at, Rhode Island.  See, e.g., Obj. Mem. 8-10.

Due process forbids that an individual should be hauled before an alien tribunal.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985).  Therefore, a court may only assert jurisdiction over a defendant who has constitutionally appreciable

---

[2] The parties have since agreed that the breach of contract claim (Count V) is brought against Norcom only.  See Mem. in Supp. of Obj. to Def.'s Mot. to Dismiss and/or For a More Definite Statement ("Obj. Mem.") 4, ECF No. 40.

3

contacts with the state in which it sits, lest "fair play and substantial justice" be offended. Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (internal citations omitted).

Where disputed, the plaintiff carries the burden of establishing personal jurisdiction. United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1090 (1st Cir. 1992). There are several ways to decide personal jurisdiction; here, the Court employs the prima facie method. Under this standard, the query is simply "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Prod., Inc., 967 F.2d 671, 675 (1st Cir. 1992). As in all determinations of personal jurisdiction, the Court "accept[s] the allegations in the complaint as true and construe[s] the facts in the light most favorable to the plaintiff." Phillips v. Prairie Eye Ctr., 530 F.3d 22, 24 (1st Cir. 2008). Moreover, a court has "broad discretion" to consider "extra-pleading material" in deciding personal jurisdiction. Thompson Trading Ltd. v. Allied Lyons PLC, 124 F.R.D. 534, 535 (D.R.I. 1989). It may "take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record . . . ." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).

4

Exercise of personal jurisdiction must comport with the long-arm statute of the forum state and the due process requirements of the Fourteenth Amendment. See Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). Since Rhode Island's long-arm statute is co-extensive with the Fourteenth Amendment, see R.I. Gen. Laws § 9-5-33, the analysis is simply whether DeFronzo has the necessary minimum contacts with Rhode Island to allow this Court to exercise personal jurisdiction without running afoul the Constitution.

Although Apostolico does not say so explicitly, the Court surmises that specific (rather than general) jurisdiction is thought to apply here. See, e.g., Obj. Mem. 8-9. The test for specific jurisdiction has three prongs: (1) relatedness, (2) purposeful availment, and (3) reasonableness. See 163 Pleasant St. Corp., 960 F.2d at 1089. The Court takes up each in turn.

1. Relatedness

To establish relatedness, the underlying claims must "directly arise out of, or relate to, the defendant's forum-state activities." Id. This standard is flexible and relaxed. See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994). Causation is the crux of the inquiry. See 163 Pleasant St. Corp., 960 F.2d at 1089. While proximate causation is often important in determining personal jurisdiction, its absence is not constitutionally intolerable. See Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 715-16 (1st Cir. 1996).

5

Here, Apostolico, a Rhode Island citizen, alleges that Norcom and DeFronzo, Rhode Island employers both, are withholding past due wages and other monies, and that this withholding is at DeFronzo's "direction." See Am. Compl. ¶ 31. The record also reflects that DeFronzo sent an e-mail to Norcom employees — including, apparently, some in Rhode Island — concerning the departure of the Cranston branch, which e-mail allegedly defamed Apostolico and cast him in a false light. See Am. Compl. ¶¶ 20-21; Obj. Mem. at 10-11; Obj. Mem., Ex. 1, DeFronzo Dep., at 37:1-38:4. Taken generously, these activities together serve as the germ of Apostolico's claims.

For the purposes of personal jurisdiction, activity can be effectuated without physical presence. See N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir. 2005) ("[A] defendant need not be physically present in the forum state to cause injury (and thus 'activity' for jurisdictional purposes) in the forum state.") (citing Calder v. Jones, 465 U.S. 783, 789 (1984)). DeFronzo's activities allegedly caused, and allegedly were "calculated" to cause, injury in Rhode Island. See Am. Compl. ¶¶ 31-33; see also Obj. Mem. 9-10.

The Court is cognizant that "mere injury to a forum resident" will not support personal jurisdiction. Walden v. Fiore, 571 U.S. 277, 290 (2014). However, there is more than sheer coincidence between DeFronzo's alleged activities, Apostolico's purported

injuries, and the state of Rhode Island. Significantly, DeFronzo is a Rhode Island employer per R.I. Gen. Laws § 28-14-1, and, crediting the proffered allegations, he knowingly failed to compensate Apostolico, a former employee of his Rhode Island enterprise. See Am. Compl. ¶¶ 26-31. Additionally, construing the record in Apostolico's favor, DeFronzo intentionally transmitted allegedly defamatory e-mails into Rhode Island, which concerned Rhode Island goings-on and were apparently read in Rhode Island. See id. ¶¶ 20-21; Obj. Mem. 10-11; Obj. Mem., Ex. 1, DeFronzo Dep., at 37:1-38:4. Finally, DeFronzo traveled to the Cranston branch to persuade Apostolico to remain with Norcom, indicating participation in Rhode Island-based events immediate to the litigation at hand. See Obj. Mem., Ex. 1, DeFronzo Dep., at 45:2-15.

It is true that DeFronzo's activities were conducted in his capacity as president of Norcom. Yet "the mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants." Cathedral Art Metal Co. v. Giftco, Inc., No. CA 06-465S, 2010 WL 7212158, at *4 (D.R.I. Sept. 21, 2010), report and recommendation adopted sub nom. Cathedral Art Metal Co. v. Giftco, Inc., No. CA 06-465-M, 2011 WL 3555860 (D.R.I. Aug. 11, 2011). This rule is doubly true, given that DeFronzo is a "primary participant[]" in

7

the alleged wrongdoing. See Calder, 465 U.S. at 790.

2. Purposeful Availment

As for purposeful availment, the question is whether the defendant voluntarily took advantage of the forum state's laws, so that he or she could have reasonably anticipated being called to court therein. See 163 Pleasant St. Corp., 960 F.2d at 1089. By serving as president of Norcom, a residential mortgage originator, see Am. Compl. ¶¶ 4-5, DeFronzo enjoyed the benefits of Rhode Island laws framing, governing, and safeguarding the lending market. In and through Norcom, DeFronzo "initiated and maintained substantial contacts" with Rhode Island individuals, most relevantly but not solely Apostolico, and he "influenced, if not controlled, decisions that directly affected" Rhode Island residents, putting himself in a position that foreseeably invited litigation within the state. See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 11 (1st Cir. 1990) (construing language of territory long-arm statute similar to availment prong). Also, the fact that DeFronzo is an employer under Rhode Island law should have alerted him to the real possibility of being summoned before a tribunal in this state.

3. Reasonableness

Whether personal jurisdiction is reasonable hinges on five factors: "(1) [T]he defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's

interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." 163 Pleasant St., 960 F.2d at 1088 (citing Burger King, 471 U.S. at 476-77). These factors help the court secure "substantial justice." Ticketmaster-New York, 26 F.3d at 209. They are most analytically determinative "where the minimum contacts question is very close." Nowak, 94 F.3d at 717. The question here is close, but the factors favor Apostolico.

First, DeFronzo has not shown that litigating this dispute in Rhode Island would present a "special or unusual burden." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994).

Second, Rhode Island has an interest in enforcing its wage laws and remedying tortious wrongs inflicted on its residents by out-of-state actors. See Ticketmaster-New York, 26 F.3d at 211.

Third, Apostolico understandably wishes to litigate in Rhode Island, where he lives and where he was employed by Norcom. This preference deserves some deference. See id.

Fourth, considerations of effective resolution seem, as is often the case, a "wash." Nowak, 94 F.3d at 718.

Fifth, Rhode Island has strong policy interests in ensuring compliance with its labor laws, discouraging the spread of defamatory material, and encouraging good behavior on the part of

9

out-of-state actors transacting business within its borders.

This Court finds Apostolico's claims arise from, or relate to, DeFronzo's activities in Rhode Island; that DeFronzo purposefully availed himself of Rhode Island's laws; and that the reasonableness factors cut in Apostolico's favor.

Therefore, the Court determines that it may assert personal jurisdiction over DeFronzo.

B.   More Definite Statement

DeFronzo argues that he cannot defend himself against the charges of defamation and false light due to ambiguity in Apostolico's Amended Complaint.  See Defs.' Mem. 8.  Although Apostolico subsequently identified the allegedly offending material by memorandum and exhibit, see Obj. Mem. 5-7, the pleading itself remains confusing and cursory as to these claims.  The Complaint must be cured to remove these deficiencies.  Therefore, the part of DeFronzo's motion requesting a more definite statement is granted.

C.   Motion to Amend Complaint

On February 20, 2020, Apostolico moved to again amend his Complaint to add a claim for retaliation.  See Mot. to Amend.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This standard is liberal.  O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004). Therefore, the Court will permit Apostolico to file a second

amended complaint.[3]

III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss and/or For a More Definite Statement with Respect to the First Amended Complaint, ECF No. 33, is GRANTED IN PART and DENIED IN PART. Furthermore, the Motion to Amend, ECF No. 52, is GRANTED. Apostolico has thirty days to amend his Complaint to address the deficiencies discussed infra Section II(B) and to add a claim for retaliation.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
District Judge
Date: March 30, 2020

---

[3] In their Opposition to the Motion to Amend, Defendants raise several arguments as to why Apostolico cannot succeed on his retaliation claim. See Defs.' Opp'n to Pl.'s (Second) Mot. for Leave to Amend 5, ECF No. 54. The Court finds the issues raised to be more appropriate for disposition on summary judgment.